IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONNIE EARL SHROPSHIRE, <br> AIS 175941, <br><br> Petitioner, <br><br> v. <br><br> KAREN CARTER, et al., <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2:22cv721-RAH-SMD <br> ) (WO) <br> ) <br> ) <br> ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.    INTRODUCTION**

Donnie Earl Shropshire, a state inmate at the Easterling Correctional Facility in Clio, Alabama, initiated this action by filing a petition in which he seeks habeas corpus relief under 28 U.S.C. § 2254. Doc. 1. In his petition, Shropshire challenges the robbery convictions and sentence he received on May 23, 1994, in the Circuit Court of Etowah County, Alabama. Shropshire was sentenced as a habitual felony offender to life in prison. He alleges the following claims for habeas relief: (1) that he received ineffective assistance of counsel; (2) that the State failed to establish the crime of second-degree robbery; (3) that the trial court lacked jurisdiction to convict and sentence him for second-degree robbery; and (4) that his sentence exceeded the maximum authorized by law because the habitual-felony-offender statute was not properly invoked or applied. Doc. 1 at 5–10.

## II. DISCUSSION

Title 28 U.S.C. § 2241(d) allows Shropshire to bring a § 2254 habeas petition in either (a) the federal district court for the district wherein he is in custody (the Middle District of Alabama, where the Easterling Correctional Facility is located), or (b) the federal district court for the district within which the state court that convicted and sentenced him was held (the Northern District of Alabama, where the Circuit Court of Etowah County is located). Section 2241(d) provides that this court "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's § 2254 petition to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." 28 U.S.C. § 2241(d).

The matters complained of by Shropshire stem from his convictions and sentence entered by the Circuit Court of Etowah County. The records and witnesses relating to these matters are likely to be located in Etowah County. Therefore, this Court finds that the furtherance of justice and judicial economy will be best served by transferring this case to the United States District Court for the Northern District of Alabama for review and disposition.[1]

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama under 28 U.S.C. § 2241(d).

---

[1] Shropshire filed an application for leave to proceed in forma pauperis with his § 2254 petition. *See* Doc. 2. This Court leaves a ruling on that application to the transferee court.

It is further

ORDERED that the parties shall file any objections to this Recommendation by January 18, 2023. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 4th day of January, 2023.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF U.S. MAGISTRATE JUDGE